UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

VERDE MINERALS, LLC, *et al*,               §
                                             §
          Plaintiffs,                        §
VS.                                          §     CIVIL ACTION NO. 2:16-CV-199
                                             §
DIANE DUNCAN KOERNER, *et al*,               §
                                             §
          Defendants.                        §

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant Burlington Resources Oil and Gas Company, LP (Burlington's) motion to dismiss (D.E. 81), challenging the third amended class action complaint (D.E. 78), which alleges a claim for nonpayment of oil and gas proceeds pursuant to Texas Natural Resources Code § 91.404(c) along with a request for declaratory relief. Plaintiffs Verde Minerals, LLC, Mark Larson, and Scott Saufferer, on behalf of themselves and all others similarly situated (collectively, "Verde"), filed a response (D.E. 87), and Burlington replied (D.E. 88). For the following reasons, Burlington's motion to dismiss (D.E. 81) is GRANTED.

## BACKGROUND

The Court previously described the facts of this case in the order granting the Co-defendants' motion for partial dismissal (D.E. 68), which the Court hereby incorporates by reference. In the third amended complaint, Verde pleads two claims against Burlington, the lessee and operator of the Hawley Tract. Verde first asserts that Burlington failed to distribute payments on the oil and gas proceeds of the Hawley Tract

to Verde under Texas Natural Resources Code § 91.404(c). Verde also seeks a declaratory judgment determining: (1) that the Hawley Deeds conveyed to the grantees undivided mineral interests in the oil and gas found to be in, under or upon the Hawley-Ayers Survey, and rights and interests in and to the proceeds for oil and gas found and sold from the Hawley-Ayers Survey; (2) that the right to develop and the right to lease were reserved by Hawley from the Hawley Deeds' conveyances of undivided mineral interests in the oil and gas found to be in, under or upon the Hawley-Ayers Survey; and (3) that the rights to receive bonus, delay rental, and royalty payments were conveyed by Hawley to the grantees of the Hawley Deeds along with undivided mineral interests in the oil and gas found to be in, under or upon the Hawley-Ayers Survey.

Defendant Burlington moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6), arguing that (1) Verde cannot sustain a cause of action for nonpayment, and (2) a declaratory judgment is an improper vehicle for a title dispute under Texas law.

## STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the court must view

all reasonable inferences in the light most favorable to the non-movant and accept well-pleaded facts as true. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citations omitted). However, a plaintiff's "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## DISCUSSION

### A. Section 91.404(c) of the Texas Natural Resources Code

Generally, an operator of an oil and gas lease must pay the royalty owners, or lessors, their royalties on production. *Leavitt v. Ballard Exploration Co., Inc.*, 540 S.W.3d 164, 171 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.,* 345 S.W.3d 537, 562 (Tex. App.—San Antonio 2011, no pet.)). The Texas Natural Resources Code § 91.402 sets out the time requirements for these payments and permits operators to withhold payments without interest if there is (1) a dispute concerning title that would affect distribution of payments; or (2) a reasonable doubt that the payee has clear title to the interest in the proceeds of production. *See ConocoPhillips Co. v. Koopman*, 547 S.W.3d 858, 879 (Tex. 2018). If payment is not made as required by § 91.402, "[a] payee has a cause of action for nonpayment of oil or gas proceeds or interest on those proceeds . . . in any court of competent jurisdiction in the county in which the oil or gas well is located." Tex. Nat. Res. Code § 91.404(c). A "payee" is defined as "any person or persons legally entitled to payment from the proceeds derived from the sale of an oil and gas well located in this state." Tex. Nat. Res. Code § 91.401(1); *see Concord Oil Co. v. Pennzoil Exploration & Prod. Co*., 966 S.W.2d

451, 462 (Tex. 1998) ("As an owner of an interest in the minerals, [the lessor] has a legal right to compensation for oil and gas that has been produced . . . and is a 'payee.'").

Burlington argues that Verde's nonpayment claim is premature because there is a "dispute concerning title" and "a reasonable doubt" that Verde has an interest in the proceeds, permitting Burlington to withhold payments. Thus, Verde cannot sustain a cause of action under the statute.

Citing to several Texas cases, Verde argues that the statute clearly provides a cause of action. However, these cases did not involve a cause of action for nonpayment while title was disputed. *See N. Natural Gas Co., a Div. of Enron Corp. v. Vanderburg,* 785 S.W.2d 415, 419 (Tex. App.—Amarillo 1990, no pet.) ("It is undisputed that [plaintiff] is the legal owner of the lessor's ⅛ royalty under the oil and gas lease on the property in question."); *see also Koopmann,* 547 S.W.3d at 862 (rejecting party's argument that Section 91.402 precluded a breach of contract claim); *Anadarko E & P Co., LP v. Clear Lake Pines, Inc*., No. 03-04-00600-CV, 2005 WL 1583506, at *1 (Tex. App.—Austin 2005, no pet.) (issue involving prejudgment interest under Section 91.403 for late royalties paid); *Prize Energy,* 345 S.W.3d at 559 (parties disputed applicability of the statute to calculate damages); *Crimson Exploration, Inc. v. Magnum Producing L.P*., No. 13-15-00013-CV, 2017 WL 6616740, at *8 (Tex. App.—Edinburg Dec. 28, 2017, pet. filed) (involving a dispute regarding award for prejudgment interest, not a cause of action for nonpayment). Verde has not cited to any law that supports its cause of action for nonpayment of oil and gas proceeds before ownership to mineral or royalty

interests is determined. Thus, Verde has failed to establish that it is a "payee" as required by the statute.

In a final attempt to support its claim, Verde argues that the "safe harbor" provision under § 91.402 only excuses interest payments—not payments altogether. However, this is inconsistent with Texas case law. In *Leavitt v. Ballard Exploration Co., Inc.*, the operator entered into a valid lease agreement with the owners of the land, drilled on the land that was potentially burdened by plaintiff's royalty interest, and paid all royalties owed to the owners. 540 S.W.3d at 174. The *Leavitt* plaintiff then gave notice to the operator asserting a royalty interest in the unit at issue and filed a related lawsuit. *Id.* The court deemed these facts to a be a "classic situation" where there is "a dispute concerning title that would affect distribution of payments." *Id.* at 174. Contrary to Verde's argument, the court upheld the dismissal of the plaintiff's claims because "[the payor] was entitled to withhold the distribution of royalty payments from the [unit] until the dispute over who was entitled to the distribution of those royalties was resolved." *Id.* at 176.

Here, Burlington entered into a lease with the Co-defendants to produce oil and gas on the Hawley Tract. Verde gave Burlington notice asserting its interest in the proceeds and brought this lawsuit. These facts establish that there is a "dispute over title" that allows Burlington to withhold payments until the issue of Verde's ownership interests is resolved. Thus, Verde has failed to plead facts that lead to a reasonable inference that Burlington has violated the payment requirements of § 91.402.

Accordingly, Verde's claim of nonpayment of proceeds under Texas Natural Resources Code § 91.404(c) is DISMISSED.

## B. Declaratory Judgment

The Federal Declaratory Judgment Act (DJA), 28 U.S.C. § 2201 *et seq.*, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

To be entitled to declaratory relief, a plaintiff must allege facts demonstrating that there exists "a substantial and continuing controversy between two adverse parties." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citing *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985)).

A district court has broad, but not unfettered, discretion to decide, or dismiss, a suit under the DJA. *See Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir. 1989). "[I]f a request for declaratory judgment adds nothing to an existing lawsuit, it need not be permitted." *Flanagan v. Chesapeake Exploration, LLC,* No. 3:15-Cv-0222-B, 2015 WL 6736648, at *4 (N.D. Tex. Nov. 4, 2015); *see Madry v. Fina Oil & Chem. Co.*, 44 F.3d 1004, 1994 WL 733494, *2 (5th Cir. 1994). "In the absence of a viable substantive claim, [p]laintiff's requests for declaratory relief . . . [is] without merit." *Bitterroot Holdings, LLC v. MTGLQ Investors, L.P.,* No. 5:14-CV-862-DAE, 2015 WL 6442622, at *10 (W.D. Tex. Oct. 23, 2015); *see Bell v. Bank of Am. Home Loan Servicing LP,* No.

4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (denying a declaratory judgment request after plaintiff failed to state any viable claims).

Burlington asserts that Verde is improperly seeking to determine title to real property in Texas through a declaratory judgment action. Burlington relies on Texas law that "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code § 22.001(a); *see McKinney v. White*, 281 S.W.2d 327, 327 (Tex. 1955) (involving a trespass-to-try-title action over the ownership of undivided mineral interests in the land). State courts have held that the Texas Declaratory Judgments Act cannot be used to adjudicate title. *See Wolfe v. Devon Energy Prod. Co., LP*, 382 S.W.3d 434, 461 (Tex. App.—Waco 2012, pet. denied); *see also AMC Mortg. Servs., Inc. v. Watts*, 260 S.W.3d 582, 588 (Tex. App.—Dallas 2008, no pet.). However, the Texas Declaratory Judgments Act is "a procedural statute that is inapplicable to declaratory judgment actions in federal court." *Flanagan*, 2015 WL 6736648, at *4 n.3; *see Kingman Holdings, LLC v. Bank of New York,* No. 3:13-CV-1688-L, 2013 WL 3939460, at *4 (N.D. Tex. July 31, 2013).

Here, the Court need not address the issue of whether the DJA prohibits declaratory relief under the facts. "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Mann v. Bank of New York Mellon*, No. 4:12-CV-2618, 2013 WL 5231482, at *8 (S.D. Tex. Sept. 16, 2013) (citing *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011)); *see Marsh v. JPMorgan Chase Bank, N.A.,* 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012). Verde has failed to state a claim for which relief may be granted against Burlington for

nonpayment of oil and gas proceeds. In the absence of any facts that would lead to the conclusion that a present controversy exists between Verde and Burlington, Verde cannot obtain declaratory relief against Burlington.

Accordingly, Verde's request for declaratory relief is DISMISSED.

## CONCLUSION

For the reasons stated herein, the motion to dismiss the third amended complaint is GRANTED (D.E. 81) and the claims against Defendant Burlington are DISMISSED.

ORDERED this 29th day of March, 2019.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE