UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERDE MINERALS, LLC, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-199 |
| | § | |
| DIANE DUNCAN KOERNER, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER ON KOERNER DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is a motion for summary judgment on Plaintiffs' third amended class action complaint filed by Defendants Diane Duncan Koerner, Kimberly K. Sheridan, Stacey E. Koerner, and Charles D. Duncan (collectively, the Koerner Defendants). D.E. 108. Defendants primarily challenge Plaintiffs' breach of covenant claim because Burlington Resources Oil & Gas Company LP (Burlington), a nonparty to this action and the operator-lessee of the oil and gas interests at issue, assumed any obligation to pay royalties. The remaining defendants, Jo Ann Crawford Floyd, Barbara Braun Wolin, as Trustee of the Robyn Louis Wolin Trust, Virginia Kathleen Pittman Rothermel, Charles T. Rothermel III, Elizabeth Pittman Clark, and Ansel P. Clark (collectively, the Crawford Defendants) joined and adopted this argument.[1] D.E. 112. Plaintiffs responded (D.E. 113) and the Koerner Defendants replied (D.E. 116). For the following reasons, the Koerner Defendants' motion for summary judgment is DENIED.

---

[1] The Crawford Defendants previously filed a motion for summary judgment challenging the deeds at issue as conveying only a personal payment covenant and as invalid under the Statute of Frauds (D.E. 94). The Koerner Defendants joined that motion (D.E. 108 at 13), which was denied (D.E. 123).

## STANDARD OF REVIEW

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted)). A party may also move for summary judgment when the dispute is purely over issues of law. *Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir. 1995). "[E]ven if the issue of law is complex or requires difficult questions of interpretation, summary judgment is still appropriate if there is no triable issue of fact." *Trade-Winds Envtl. Restoration, Inc. v. Stewart*, No. CIV. A. 06-3299, 2008 WL 236891, at *4 (E.D. La. Jan. 28, 2008).

## BACKGROUND

The Court previously described the facts of this case in the order denying the Crawford Defendants' motion for summary judgment (D.E. 123), which the Court hereby incorporates by reference. For purposes of this motion, the Court sets out the procedural history.

Plaintiffs originally sued Defendants for breach of covenant, breach of fiduciary duties, and conversion, and sought a declaratory judgment and injunctive relief. In their second amended complaint, Plaintiffs brought claims against Burlington and later dismissed Burlington without prejudice. Subsequently, Defendants filed a 12(b)(6) partial motion to dismiss. D.E. 55. The Court dismissed the claims for conversion,

injunctive relief, and punitive damages for failure to state a claim and dismissed the request for declaratory relief as duplicative of the breach of covenant claim. D.E. 68.

In the third amended complaint, Plaintiffs dropped the claim for breach of fiduciary duties, restated a claim for declaratory judgment, and added Burlington to the lawsuit for violation of the Texas Natural Resources Code (TNRC). Soon after, Burlington filed a motion to dismiss. D.E. 81. Because Plaintiffs failed to show that Burlington was liable under the TNRC, the Court granted the motion to dismiss. D.E. 96. Thus, Burlington is no longer a party to this action.

Plaintiffs' remaining claims are for declaratory judgment and breach of covenant. Plaintiffs allege that Defendants are bound by the covenants contained in the Hawley Deeds (Deeds) to deliver and pay to Plaintiffs a portion of the proceeds for oil and gas found and sold from the Hawley-Ayers Survey (the Property). The Court held that the Deeds conveyed a floating royalty interest. D.E. 123.

Now, Defendants move for summary judgment, arguing that they cannot be liable for a breach of covenant claim as the lessors of the Property. Defendants' argument is solely an issue of law.[2] Defendants also argue that the Deeds conveyed a personal payment covenant that does not run with the land and the Deeds are invalid under the statute of frauds—arguments previously rejected by the Court. D.E. 123. The Court declines to revisit these arguments and addresses only the breach of covenant claim.

---

[2] For purposes of this motion, the Court assumes that Plaintiffs can establish chain of title.

# DISCUSSION

Defendants argue that in a typical oil and gas dispute, the plaintiff alleging failure to pay royalties sues the operator-lessee, not the lessor, for breach of contract or violations of the TNRC. Thus, Plaintiffs are asserting the breach of covenant claim against the wrong party because it is Burlington who is liable for any royalties owed under the terms of Burlington's lease with Defendant Diane Crawford (the Lease). Defendants' argument fails for the following reasons.

### A. The Deeds created an obligation to pay and deliver royalties.

Plaintiffs argue that the Hawley Deeds define Defendants' obligations, which is the basis of the breach of covenant claim. Under the Hawley Deeds, the grantors agreed

> on behalf of themselves, their heirs, executors, administrators and assigns that they will ***pay and deliver*** to [grantees], his heirs and assigns, such proportion of all moneys that may be received by them for one-half of all oil, gas or minerals that may be found . . . .

D.E. 108-7, -8, -9. Plaintiffs interpret this payment clause as creating an obligation of the grantors to pay the grantees their royalties. The Court agrees.

The parties to the deed are presumed to have "intend[ed] every clause to have some effect and in some measure to evidence their agreement." *Luckel v. White*, 819 S.W.2d 459, 462 (Tex. 1991) (citing *Altman v. Blake*, 712 S.W.2d 117, 118 (Tex. 1986)). "Each word and phrase should be given its plain, grammatical meaning unless doing so would clearly defeat the parties' intent." *Hausser v. Cuellar*, 345 S.W.3d 462, 466 (Tex. App.—San Antonio 2011, pet. denied) (citing *Moon Royalty, LLC v. Boldrick Partners*, 244 S.W.3d 391, 394 (Tex. App.—Eastland 2007, no pet.)). "Absent compelling reasons,

courts must respect and enforce the terms of a contract the parties have freely and voluntarily entered." *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 877 (Tex. 2018) (quoting *Phila. Indem. Ins. Co. v. White*, 490 S.W.3d 468, 471 (Tex. 2016)).

Here, by the plain language of the clause, Defendants' predecessors agreed to pay the grantees a percentage of the royalties. Defendants argue that Plaintiffs should have brought the claim for unpaid royalties as an unjust enrichment claim or as a violation of the TNRC. Although an unjust enrichment claim can be brought to recover unpaid royalties, *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 692 (Tex. 1986), the Deeds created a special obligation of the grantors, the mineral interest owners, to pay and deliver the royalties to the grantees, the royalty interest owner. "[U]njust enrichment claims based on quasi-contract are predicated on the absence of an express contract controlling the circumstances." *Freeman v. Harleton Oil & Gas, Inc.*, 528 S.W.3d 708, 740 (Tex. App.—Texarkana 2017, pet. denied). And the Supreme Court of Texas has stated that the TNRC does not abrogate a breach of contract claim in the context of a lease. *Koopmann*, 547 S.W.3d at 879.

Because the Deeds included a covenant that the grantors would pay the grantees the royalties, the Court rejects Defendants' argument that a claim under the TNRC or for unjust enrichment is the appropriate cause of action.

**B. Defendants fail to show that the breach of covenant claim cannot apply to these facts.**

Citing to *Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.*, Defendants argue that Texas law is clear that an operator-lessee, not the lessor, is obligated to pay royalties to the royalty owner. 345 S.W.3d 537 (Tex. App.—San Antonio 2011), *abrogated on*

*other grounds by Nath v. Tex. Children's Hosp.*, 576 S.W.3d 707 (Tex. 2019). *Prize Energy* involved a dispute regarding a royalty interest. The plaintiff, BP, had deeded its 25% mineral interest to Hoskins and retained a percentage of the nonparticipating royalty interest. *Id.* BP and Hoskins then sued the operators of the land at issue to clear title and have the defendants' joint operating agreement terminated. *Id.* at 547. BP and Hoskins prevailed, and the court held that it was not an abuse of discretion for the lower court to order the operators to pay royalties directly to BP, instead of the mineral interest owner, Hoskins. *Id.* at 562. *Prize Energy* does not stand for the proposition that the mineral interest owner is free of any liability to the royalty interest owner.

The other cases that Defendants cite are distinguishable because they involved lease disputes between the royalty owner and the operator. *See Westport Oil & Gas Co., L.P. v. Mecom*, 514 S.W.3d 247, 249-50 (Tex. App.—San Antonio 2016, no pet.) (involving dispute over gas producer's measure of production under a lease); *Lyle v. Jane Guinn Revocable Tr.*, 365 S.W.3d 341, 345 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (breach of contract dispute between heirs of lease assignor and lease operator); *see also Leavitt v. Ballard Expl. Co., Inc.*, 540 S.W.3d 164, 176 (Tex. App.—Houston [1st Dist.] 2017) ("After the dispute was resolved by the [grantor of the royalty interest] and the [grantee's] settlement agreement, [operator] released the royalties to the [grantor].").

Finally, contrary to Defendants' suggestion that a royalty interest owner may not sue a lessor for breach of contract, a grantor of a royalty interest can be liable to the grantee under certain situations. *See Friddle v. Fisher*, 378 S.W.3d 475, 480-81 (Tex.

App.—Texarkana 2012, pet. denied) ("It is settled law in Texas that the owners of executive rights owe a fiduciary duty of 'utmost fair dealing' to the owners of [royalty interests]") (citation omitted); *see also Allen v. Creighton*, 131 S.W.2d 47, 50 (Tex. App.—Beaumont 1939, writ ref'd) (grantor of a royalty interest liable for conversion of royalty interest owner's payments); *Huggins v. Royalty Clearinghouse, Ltd.*, 2015 WL 7871361, at *2 (W.D. Tex. Dec. 2, 2015) (grantor of royalty interest was ordered to pay royalties he erroneously received to the grantee). Although these cases do not involve a breach of covenant, they show that the grantor of a royalty interest is not immune from liability to the royalty interest owner once the grantor enters into an oil and gas lease.

Accordingly, because Defendants have not established that a breach of covenant claim fails as a matter of law here, the Court rejects Defendants' argument.

### C. Defendants fail to show that only Burlington is liable for obligations under the Deeds.

Defendants also assert that the breach of covenant claim fails because they assigned their obligation to pay any royalties to Burlington.

Because a non-participating royalty interest does not carry the right to participate in the execution of mineral leases, the non-participating royalty interest owner is subject to an oil and gas lease negotiated by the mineral estate holder. *KCM Financial LLC v. Bradshaw,* 457 S.W.3d 70, 73 (Tex. 2015). The executive-right holder has the power to make and amend leases affecting the enjoyment of the non-executive's interests. *Id.* There is no language in the Deeds that the grantees had a right to execute leases. Thus, Defendants, as the owners of the mineral estate with executive rights, had the right to execute the lease with Burlington regardless of Plaintiffs' consent.

However, the Deeds involved a payment covenant to which Texas principles of contract law apply. "Generally speaking, a party cannot escape its obligations under a contract merely by assigning the contract to a third party." *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 346-47 (Tex. 2006) (citations omitted). "[T]he assignee only can be held liable under the predecessor's contract if the assignee expressly or impliedly assumes the predecessor's contractual obligations." *ConocoPhillips Co. v. Noble Energy, Inc.*, 462 S.W.3d 255, 267 (Tex. App.—Houston [14th Dist.] 2015), *aff'd*, 532 S.W.3d 771 (Tex. 2017). And the assignor remains liable for its contractual rights and duties unless the assignee expressly or impliedly releases the assignor. *Seagull Energy*, 207 S.W.3d at 347.

In support of their motion, Defendants cite to the following language in the Lease to argue that Burlington expressly assumed the obligation to pay all royalties owed:

> If this lease covers a less interest in the oil, gas, sulphur, or other minerals in all or any part of said land than the entire and undivided fee simple estate (whether lessor's interest is herein specified or not), or no interest therein, then the royalties and other moneys accruing from any part as to which this lease covers less than such full interest, shall be paid only in the proportion which the interest therein, if any, covered by this lease, bears to the whole and undivided fee simple estate therein. **All royalty interest covered by this lease *(whether or not owned by lessor)* shall be paid out of the royalty herein provided**.

D.E. 108-1, ¶ 10 (emphasis added). Even accepting Defendants' argument that Burlington expressly assumed all obligations owed to Plaintiffs, Defendants do not point to any language that Burlington expressly released Defendant Diane Crawford or the remaining Defendants from the obligation to pay and deliver the royalties. Nor do

Defendants state how Burlington impliedly released Defendants from the specially created obligation. Thus, Defendants' argument that they are not liable for breach of covenant because they assigned any obligation to Burlington is rejected.

**D. Defendants own an interest in the Property subject to the Deeds.**

Arguing that the term "lease" in the oil and gas context is a misnomer, Defendants claim that the Lease conveyed their mineral estate in the Property to Burlington. According to Defendants, they do not owe any obligation to Plaintiffs because they only retained a 1/4 royalty interest in the Property. As the Court has already held, the Deeds granted a floating royalty interest, a fraction of half of whatever proceeds Defendants' predecessors received from the Property. A floating royalty interest "entitles its owner to a share of the landowner's royalty obtained under a lease." *Graham v. Prochaska,* 429 S.W.3d 650, 657 (Tex. App.—San Antonio 2013, pet. denied). Defendants still possess a royalty interest in the Property, which is subject to any floating royalty interest created by the Deeds. Thus, the Court rejects this argument.

## CONCLUSION

For the foregoing reasons, the Koerner Defendants' motion for summary judgment (D.E. 108) is DENIED. Additionally, the Koerner Defendants' motion requesting oral argument (D.E. 117) is DENIED.

ORDERED this 3rd day of December, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE